IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Emilio Bautista-Serrano, | ) | Civil Action No.: 6:11-02870-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Kenney Atkins, Warden, and Mr. Clark, Counselor, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff, a federal prisoner proceeding *pro se*, initiated this action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[1] Defendants Kenny Atkinson and John Clark filed a motion to dismiss the complaint, and Plaintiff filed a motion to amend his complaint. Plaintiff's motion to amend is now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kevin F. McDonald.[2] The Magistrate Judge recommends granting Plaintiff's motion to amend in part and denying it part.

**Factual Background and Procedural History**

Plaintiff filed this *Bivens* action in October 2011. He alleged that employees of the Federal Bureau of Prisons ("BOP") wrongfully discriminated against him on the basis of his Mexican citizenship when they falsely accused him of participating in a prison fight and placed him in administrative detention during the pendency of the investigation. The charge was ultimately

---

[1] Plaintiff filed his complaint as an action pursuant to 42 U.S.C. § 1983. However, because he is in federal custody and alleges constitutional violations by federal officials, the Court liberally construes his action as one pursuant to *Bivens*.

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

dismissed by a disciplinary hearing officer due to BOP's failure to identify any victims. Plaintiff seeks both compensatory and punitive damages totaling $125,300.00. (Compl., ECF No. 1.)

After service of process, Defendants moved on February 16, 2012, to dismiss, or alternatively, for summary judgment. (Mot. to Dismiss, ECF No. 21.) On March 13, 2012, Plaintiff moved to amend his complaint. First, he sought to amend the action from a § 1983 action to a *Bivins* action. Second, he requested dismissal of Defendant Atkinson from the action. Finally, he sought to clarify that the action was against Defendant Clark acting both individually and officially. (Mot. to Amend Compl., ECF No. 30.) The Magistrate Judge recommends that the Court grant Plaintiff's requests to change his action to a *Bivens* action and to dismiss Defendant Atkinson from the case. Furthermore, concluding that Plaintiff's complaint already named Defendant Clark in both his individual and official capacities, the Magistrate Judge recommends that his final requested amendment be deemed unnecessary. (R&R 1-2, ECF No. 34.) Plaintiff filed a timely objection to the R&R. (Pl.'s Obj., ECF No. 38.)

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party

makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.*   Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).   However, in the absence of objections, the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### Discussion

The Magistrate Judge recommends partially granting Plaintiff's motion to amend his complaint to treat it as a *Bivens* action and to dismiss Defendant Atkinson.   Plaintiff's only objection is "that the counselor capacity be used for jurisdiction matter and request that individual capacity be applied instead of the counselor capacity." (Pl.'s Obj. 2, ECF No. 38.)   The Court construes Plaintiff's objection to reflect a desire to assert his claims against Defendant Clark in his individual capacity, not his official capacity.   Indeed, a *Bivens* action *is* a request for damages against federal officials acting in their individual capacities. 403 U.S. at 397.   The Court notes, however, that the Magistrate Judge's recommendation does not affect Plaintiff's *existing* claim against Defendant Clark in his individual capacity.   As the Magistrate points out, Plaintiff's original complaint already asserted claims against Defendant Clark in *both* capacities. (*See* Compl. 2, ECF No. 1 ("Each defendant is sued individually and in his or her official capacity.").)   Plaintiff's objection is unnecessary because the outcome he seeks already exists.   The Court, therefore, finds no error in the Magistrate Judge's recommendation.

### Conclusion

The Court has thoroughly reviewed the entire record, including the R&R, the objection to the

R&R, and applicable law.  For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objection and adopts the R&R of the Magistrate Judge.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend his complaint is **GRANTED** to the extent his claims are brought against Defendant Clark pursuant to *Bivens*.  All claims against Defendant Atkinson are **DISMISSED** *with prejudice*, and all of Defendant Atkinson's motions are deemed moot.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

May 23, 2012
Florence, SC