IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Emilio Bautista-Serrano, ) | Civil Action No.: 6:11-cv-02870-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Mr. Clark, Counselor, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Emilio Bautista-Serrano, a federal prisoner proceeding *pro se*, initiated this action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Defendants Kenny Atkinson[1] and John Clark filed a motion to dismiss, or alternatively for summary judgment; as well as a motion to strike Plaintiff's response to their motion. Both motions are now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kevin F. McDonald.[2] The Magistrate Judge recommends granting Defendant's motion for summary judgment and deeming Defendant's motion to strike moot.

**Factual Background and Procedural History**

Plaintiff filed this *Bivens* action in October 2011. He alleged that Defendant John Clark, an employee of the Federal Bureau of Prisons ("BOP"), wrongfully discriminated against him on the basis of his Mexican citizenship when they falsely accused him of participating in a prison fight and placed him in administrative detention during the pendency of the investigation. The charge was ultimately dismissed by a disciplinary hearing officer due to BOP's failure to identify any victims.

---

[1] Defendant Atkinson was dismissed from the case on May 23, 2012, after the motions now before the Court were filed. ECF No. 51.

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

Plaintiff seeks both compensatory and punitive damages from Defendant, in his individual capacity, totaling $125,300.00. Compl., ECF No. 1.

Defendant moved on February 16, 2012, to dismiss the action, or alternatively, for summary judgment. Mot. to Dismiss, ECF No. 21. Defendant argues Plaintiff failed to exhaust his available administrative remedies before filing his action. Moreover, Defendant argues Plaintiff's *Bivens* action also fails on the merits. *Id.* Plaintiff, in turn, filed a response to the motion, including additional documents related to his requests for an administrative remedy. Pl.'s Resp., ECF No. 25. Defendant, however, moved to strike the response on the basis that he includes "accusations that are completely unfounded, unsupported, abusive, disrespectful, and uncivil." Mot. to Strike 3, ECF No. 32. The Magistrate Judge issued his R&R, recommending that the Court grant Defendant's motion for summary judgment and, accordingly, deem Defendant's motion to strike moot. R&R, ECF No. 60. Plaintiff filed timely objections to the R&R. Pl.'s Objs., ECF No. 62.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence

of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Discussion

The Magistrate Judge recommends granting Defendant's motion for summary judgment. First, he concludes that Plaintiff's claim was not properly exhausted administratively under the Prison Litigation Reform Act ("the PLRA"), 42 U.S.C. § 1997e, and BOP regulations. Second, he concludes Plaintiff's complaint should be dismissed on the merits. R&R 10, 15.

Plaintiff raises multiple objections to the Magistrate Judge's R&R. In his objection to the Magistrate Judge's recommendation that Plaintiff failed to properly exhaust his administrative remedies, Plaintiff contends that BOP "covered up" Defendant's wrongdoing by refusing to respond to his grievances—even after he resubmitted them. He points out that the exhaustion of administrative remedies does not need to be pled and that the requirement "may be excused where: (1) administrative remedies were not in fact 'available to prisoner'[] (2) 'defendant's own action inhibited' exhaustion, or (3) 'special [circumstances] . . . justify' non-[exhaustion], of [prisoner's] failure to comply with administrative procedural requirements." Pl.'s Objs. 4.

The PLRA requires "a prisoner confined in any jail, prison, or other correctional facility" to exhaust available administrative remedies before bringing an action under any federal law. 42 U.S.C. § 1997e(a). This provision applies to federal prisoners bringing actions pursuant to *Bivens*. *Hill v. O'Brien*, 387 F. App'x 396, 399 (4th Cir. 2010). Therefore, federal prisoners must adhere to BOP's internal grievance procedures prior to filing suit in federal court. Prisoners must pursue

3

informal resolution, followed by appeals to institutional, regional, and national officials. 28 C.F.R. §§ 542.10-542.19; Administrative Remedy Program, Program Statement P1330.16, Fed. Bureau of Prisons (Dec. 31, 2007). However, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). The failure of prison officials to respond to a properly filed request for an administrative remedy will exhaust the remedy. *Id.* (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)); *see also Jones v. Bock*, 549 U.S. 199, 218 (2007) ("Compliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.' "). Prison officials simply must have the "opportunity to address the claims administratively." *Id.*

After reviewing Petitioner's objection, the Court cannot find that he, in his response, has created a genuine dispute of any fact material to the exhaustion of administrative remedies issue raised by Defendant. Fed. R. Civ. P. 56(a), (e). Defendant presented evidence that, although Plaintiff filed a request, his initial request was quickly returned with an explanation "that [Plaintiff] needed to provide more specific information into his request so that it could be considered." Decl. of Roy Lathrop 2-3, ECF No. 21-1. Plaintiff complied; however, he failed to submit evidence of an effort at informal resolution on his second attempt, and he was advised to do so. *Id.* at 3. Instead of curing the deficiency, he filed a regional appeal, which was dismissed on the basis he needed to file properly with institutional officials. *Id.* His subsequent central office appeal, filed on July 5, 2011, was dismissed for the same reason. *Id.*

Rather than submit evidence showing he was prevented from availing (or properly availed) himself of BOP's grievance procedures, Plaintiff responded with evidence corroborating the evidence presented by Defendant. Although he includes an informal resolution form, he provides no evidence disputing the fact that it was not included with or referred to in his second institutional

4

filing. Pl.'s Exs. 1-2, ECF No. 25-1. Indeed, he merely argued in his response, "The excuse or reason by appeal coordinator to reject the Plaintiff's second [institutional filing] is extremely inclined to mischief." Pl's Resp. 5. Plaintiff, however, included BOP's response to his second institutional filing. The response read, "[PLAINTIFF] DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION OF ADMINISTRATIVE REMEDY, *OR [PLAINTIFF] DID NOT PROVIDE THE NECESSARY EVIDENCE OF [HIS] ATTEMPT AT INFORMAL RESOLUTION*." Pl.'s Ex. 8, ECF No. 25-1 (emphasis added). No evidence indicates Plaintiff subsequently complied and filed a proper request with the institution as required by regulations.

Therefore, the Court finds no genuine dispute of fact material to the issue of whether Plaintiff properly exhausted his administrative remedies under the PLRA. Accordingly, the Magistrate Judge's conclusion that Plaintiff failed to exhaust his administrative remedies is without error. Additionally, the Court has reviewed Plaintiff's objections relating to the Magistrate Judge's conclusion as to the merits of Plaintiff's claims, and the Court agrees with the Magistrate Judge's analysis and overrules Plaintiff's objections. Defendant's motion to strike, being unnecessary, is deemed moot.

## Conclusion

The Court has thoroughly analyzed the entire record, including the complaint, the motions, the Magistrate Judge's R&R, objections to the R&R, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment be **GRANTED** and that Plaintiff's complaint be **DISMISSED** *with prejudice*. Defendant's motion to strike is deemed moot.

**IT IS SO ORDERED.**

                s/ R. Bryan Harwell
                R. Bryan Harwell
                United States District Judge

August 29, 2012
Florence, South Carolina